# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| JERRY AMOS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:17-CV-37 JAR |
| DWAYNE V. KEMPKER, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the complaint filed by plaintiff Jerry Amos, currently an inmate at Moberly Correctional Center. Because all of the allegations in plaintiff's complaint arise out of an incident occurring during his incarceration in Ozark Correctional Center ("OCC") in Webster County, Missouri, this case will be transferred to the United States District Court for the Western District of Missouri.

Plaintiff, filed this 42 U.S.C. § 1983 claim against the following ten employees of Missouri Department of Corrections ("MDOC") and medical professionals, alleging violations of his constitutional rights: Dwayne V. Kemper, Deputy Director, MDOC; Matt Strumm, Division Director, MDOC; Deloise Williams, Assistant Director of Health Services, MDOC; Chris Mattox, Corrections Case Manager II, OCC; Salina Ray, Manager of Puppies for Parole program, OCC; Stacy Kluei, Deputy Warden, OCC; Unknown Doctor, OCC; and Unknown Charge Nurse, OCC. Plaintiff names all defendants in both their official and individual capacities.

Plaintiff alleges that on September 2, 2015 while he was incarcerated at OCC, he was viciously attacked by a dog in the Puppies for Parole program. He alleges claims under §1983

against the prison officials for failure to protect, and claims under §1983 against the medical professionals for deliberate indifference to medical needs. Plaintiff's claims arise entirely from the dog bite incident and subsequent medical treatment that occurred during his incarceration in OCC in Fordland, Missouri, which is located in Webster County in the Western District of Missouri. *See* 28 U.S.C. § 105(b)(5).

Under 28 U.S.C. § 1391(b), an action of this type may be brought only in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Because the events or omissions giving rise to plaintiff's claims occurred in the Western District of Missouri, venue is proper there. Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Here, the Court concludes that it is in the interest of justice to transfer this case to the United States District Court for the Western District of Missouri. In addition, in light of all of the circumstances, the Court believes it best if the transferee district addresses plaintiff's motion for appointment of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall **TRANSFER** this case to the United States District Court for the Western District of Missouri. *See* 28 U.S.C. § 1406(a).

Dated this 15th day of December, 2017.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE